UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| KIRK KAPEACE GILLUMS, | |
|---|---|
| Plaintiff, | |
| v. | 3:18-cv-00947 (CSH) |
| SCOTT SEMPLE COMMISSIONER CONNECTICUT DEPARTMENT OF CORRECTIONS, WARDEN HANNAH WARDEN BRIDGEPORT CORRECTIONAL CENTER, | JULY 12, 2018 |
| Defendants. | |

# INITIAL REVIEW ORDER

**Haight, Senior District Judge:**

Plaintiff Kirk Kapeace Gillums, a pretrial detainee currently detained at Bridgeport Correctional Center in Bridgeport, Connecticut, has brought this civil rights action *pro se* against the warden of the Bridgeport Correctional Center, Hannah, and the Commissioner of the Connecticut Department of Corrections ("DOC"), Scott Semple, requesting injunctive relief.

Magistrate Judge Garfinkel granted Gillums' motion to proceed *in forma pauperis* on June 22, 2018. *See* Doc. 8. The Court now reviews Gillums' Complaint to determine whether his claims are "frivolous" or may proceed under 28 U.S.C. § 1915A. For the following reasons, the Court dismisses Gillums' Complaint.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

1

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Although highly detailed allegations are not required, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"[W]hether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64. When "well-pleaded factual allegations" are present, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Factual disputes do not factor into a plausibility analysis under *Iqbal* and its progeny.

"Although all allegations contained in the complaint are assumed to be true, this tenet is 'inapplicable to legal conclusions.'" *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). *See also Amaker v. New York State Dept. of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) (same). Accordingly, the Court is not "bound to accept conclusory

---

[1] The Second Circuit has consistently adhered to the United States Supreme Court's seminal "plausibility" standard set forth in *Iqbal*. *See, e.g., Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 94 (2d Cir. 2017); *Christine Asia Co. v. Ma*, 718 F. App'x 20, 22 (2d Cir. 2017); *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 401 (2d Cir. 2015); *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119-20 (2d Cir. 2013).

allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (citation and quotation marks omitted). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

With respect to *pro se* litigants, it is well-established that "[*p*]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)). *See also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (same)*; Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants); *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (where the plaintiff proceeds *pro se*, a court is "obliged to construe his pleadings liberally" (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004))); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (in reviewing a *pro se* complaint, the court "must liberally construe [the] pleadings, and must interpret [the] complaint to raise the strongest arguments it suggests").

However, despite being subject to liberal interpretation, a *pro se* plaintiff's complaint still must "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).

## II. FACTUAL ALLEGATIONS

The following factual allegations are derived from Gillums' Complaint.

Gillums is a pretrial detainee at the Bridgeport Correctional Center ("BCC"). Complaint, Doc. 1 ¶ 2. The Connecticut DOC does not operate a legal program for pretrial detainees at BCC. *Id.* ¶ 5. DOC has a policy to refer prisoners to the Inmate's Legal Assistance Program ("ILAP"); however, ILAP only assists pretrial detainees at BCC with 'constructive custody' or civil rights issues. *Id.* ¶ 4. ILAP does not offer meaningful assistance with criminal cases. *Id.* Further, while the DOC does not provide pretrial detainees at BCC with legal materials, it does operate a legal program and provides access to law books and research materials for sentenced prisoners at other DOC prison facilities. *Id.* ¶ 5.

Since February 21, 2018, to date, Gillums has requested access to law books, a law library, or trained legal personnel. *Id.* ¶ 1. On March 14, 2018, Gillums filed a formal grievance with the BCC grievance office. *Id.* ¶ 3. Despite such requests and the lodging of a grievance, Gillums has not been provided access to legal research materials. *Id.* ¶ 2. Since he is unable to learn the law and participate in his own defense, Gillums "is compelled to negotiate a plea agreement" in his criminal cases pending in Connecticut state court with "no cognizance of the rules or procedures of law or current case developments which may benefit [him] or mitigate [his] circumstances in consequences of trial proceedings." *Id.* ¶ 6.

## III. ANALYSIS

Gillums seeks injunctive relief against Defendants Semple and Hannah pursuant to 42 U.S.C. § 1983. Gillums does not specify any legal claims against Defendants, however, his prayer for relief requests that the Court "issue a Temporary Restraining Order and injoin the Connecticut Department

of Corrections to allow me and all other similarly situated pretrial detainees in the State of Connecticut immediate access to lawbooks, research materials and trained correctional personnel to assist with legal research." Doc. 1 at 6 (sic). Construing Gillums' Complaint liberally, and interpreting it to raise the strongest claims it presents, the Court finds that Gillums advances a Fourteenth Amendment claim for denial of access to the courts; a Fourteenth Amendment equal protection claim; and a request for a temporary restraining order or a preliminary injunction. The Court will address each claim and the requests for relief in turn.

A.      **Claims on Behalf of Other Prisoners**

As an initial matter, Gillums seeks injunctive relief on his own behalf, and on behalf of "all other similarly situated pretrial detainees." Doc. 1 at 6. Gillums is proceeding *pro se*. He is the only named plaintiff, and the only individual who has signed the Complaint. A self-represented litigant "is not empowered to proceed on behalf of anyone other than himself." *Khalil v. Laird*, 353 F. App'x 620, 621 (2d Cir. 2009) (quotation marks and citation omitted); *see also Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) (noting that a "prudential principle [that bears on the question of constitutional standing] is that a plaintiff may ordinarily assert only his own legal rights, not those of third parties" (citation omitted)); *Swift v. Tweddell*, 582 F. Supp. 2d 437, 449 (W.D.N.Y. 2008) (finding that a prisoner proceeding *pro se* lacks "standing to assert other inmates' claims for denial of their rights of access to the courts" (quotation marks and citation omitted)).

As Gillums is a *pro se* inmate, and does not appear to be an attorney, he may only bring claims and request relief on his own behalf, not on behalf of other inmates. Accordingly, to the

extent the Complaint requests injunctive relief on behalf of other inmates, such claims and requests will be dismissed.

**B.      Access to the Courts**

Gillums' Complaint states that he has been denied access to a law library, research materials, and trained correctional personnel to assist with legal research. The Court construes Gillums' Complaint as asserting a claim for denial of access to the courts.

"Prisoners, including pretrial detainees, 'have a constitutional right of access to the courts'; grounded, as relevant to prisoners, in the constitutional guarantees of equal protection and due process." *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 821 (1977)) (collecting cases) (footnote omitted). "The right of access to the courts requires that prisoners defending against criminal charges or convictions (either directly or collaterally) or challenging the conditions of their confinement . . . not be impeded from presenting those defenses and claims for formal adjudication by a court." *Id.* at 96 (citations omitted). Thus, this well-established right involves "provid[ing] prisoners with the tools they 'need in order to attack their sentences . . . and in order to challenge the conditions of their confinement.'" *Id.* at 93 (quoting *Lewis v. Casey,* 518 U.S. 343, 355 (1996)).

However, prisoners do not have "an abstract, freestanding right to a law library or legal assistance . . . ." *Lewis*, 518 U.S. at 351. "In other words, prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* (quotation marks and citation omitted). Thus, to establish the standing to bring an access-to-the-court claim, a plaintiff must allege that he has suffered an actual injury. *See Benjamin v. Fraser*, 264 F.3d

6

175, 185 (2d Cir. 2001) ("Because law libraries and legal assistance programs do not represent constitutional rights in and of themselves, . . . prisoners must demonstrate 'actual injury' in order to have standing." (quoting *Lewis,* 518 U.S. at 351)). Specifically, "the inmate must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Bourdon*, 386 F.3d at 93 (quotation marks and citation omitted); *see also Lewis*, 518 U.S. at 353 (holding that to establish a violation of the right of access to courts, an inmate must demonstrate an "actual injury" by showing "that a nonfrivolous legal claim had been frustrated or was being impeded" by prison officials (footnotes omitted)).

The Second Circuit has held that the appointment of counsel "can be a valid means of fully satisfying a state's constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts in conformity with the requirements of the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment." *Bourdon*, 386 F.3d at 94 (footnote omitted). *See also Kowalyshyn v. Willett*, No. 3:10-CV-752(SRU), 2011 WL 1793257, at *4 (D. Conn. May 11, 2011) ("A state is not constitutionally obligated to provide a pretrial detainee with additional legal resources, such as a law library, when that detainee is already represented by counsel."); *Perez v. Metro. Corr. Ctr. Warden*, 5 F. Supp. 2d 208, 211 (S.D.N.Y. 1998) ("If an inmate is provided with legal counsel, the inmate is given a 'reasonably adequate opportunity' to present his claim and there is no violation of constitutional . . . magnitude." (quoting *Bounds*, 430 U.S. at 825)), *aff'd sub nom*. *Perez v. Metro. Corr. Ctr.'s Warden*, 181 F.3d 83 (2d Cir. 1999). *Cf. Spates v. Manson*, 644 F.2d 80, 85 (2d Cir. 1981) (holding that the right to represent oneself in a criminal proceeding "does not carry with it a right to state-financed library resources where state-financed legal assistance is available").

Accordingly, courts in this Circuit have held that a pretrial detainee represented by counsel is not constitutionally entitled to additional legal resources – such as access to a law library – to assist with his criminal case. *See, e.g.*, *Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400, 436 (S.D.N.Y. 2012) (dismissing pretrial detainee's claim that he was denied access to the courts where he had appointed counsel, and therefore did not demonstrate that he was "hindered in his capacity to bring his challenges before" the criminal court during a suppression hearing (collecting cases)); *Kowalyshyn*, 2011 WL 1793257, at *4 (dismissing pretrial detainee's claim of denial of access to a law library because, based on the allegations in the complaint, the plaintiff "was represented by counsel before and at his criminal trial").

Moreover,

> [b]ecause attorneys, by definition, are trained and qualified in legal matters, when a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts, not that he was denied effective representation in the court.

*Bourdon*, 386 F.3d at 98 (collecting cases).

Although Gillums' Complaint does not allege that counsel represents him in his underlying criminal cases, the State of Connecticut Judicial Branch website indicates that Gillums is currently represented by appointed counsel in the two criminal cases against him. *See* State of Connecticut Judicial Branch Pending Case Detail for Docket No. S20N-CR18-0146080-S, http://www.jud2.ct.gov/crdockets/parm1.aspx (type "Gillums" in last name field; search; click appropriate docket number), and State of Connecticut Judicial Branch Registered Juris Information For M. Elizabeth Reid, https://www.jud.ct.gov/attorneyfirminquiry/AttorneyFirmInquiry.aspx (type

8

"412736" in Juris Number field; search) (indicating that Gillums is represented by Attorney M. Elizabeth Reid of the Public Defender's Office of Waterbury, Connecticut) (last visited July 6, 2018); Pending Case Detail for Docket No. A05D-CR18-0158040-S, http://www.jud2.ct.gov/crdockets/parm1.aspx (type "Gillums" in last name field; search; click appropriate docket number), and State of Connecticut Judicial Branch Registered Juris Information For Bruce E. Weiant, https://www.jud.ct.gov/attorneyfirminquiry/AttorneyFirmInquiry.aspx (type "106120" in Juris Number field; search) (indicating that Gillums is represented by Attorney Bruce E. Weiant of the Public Defender's Office of Norwalk) (last visited July 6, 2018).

The information contained in the Judicial Branch's website pertaining to Gillums' cases is a matter of public record, of which the Court takes judicial notice. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice[.]" (citation omitted)); *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005) (the Court may take judicial notice of matters of public record, such as the state prosecution of an individual). Thus, the Court takes judicial notice of the fact that Gillums is represented by appointed counsel in his underlying criminal cases.

As Gillums is represented by counsel in his criminal proceedings, the state is not constitutionally required to provide him with access to a law library, legally trained personnel, or law books to assist him with researching the law for those cases. Further, Gillums has not alleged facts that would show that he is being denied access to his court-appointed attorneys. Accordingly, as pled, Gillums' access-to-the-courts claim fails as a matter of law, and will be dismissed. However, because the Court cannot rule out the possibility that Gillums could amend his Complaint to state a valid access-to-the-courts claim, the Court will dismiss this claim without prejudice to renewal. *See*

9

*Cruz v. Gomez*, 202 F.3d 593, 597 (2000). To the extent that, consistent with his obligations under Rule 11, Gillums can allege facts that would show that "the provision of counsel did not furnish him with the capability of bringing his challenges before the courts," he will be provided an opportunity to file an amended complaint. *Bourdon*, 386 F.3d at 98 (collecting cases).

**C.     Equal Protection**

The Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To state a violation of the Equal Protection Clause, a plaintiff must allege 'that he or she was treated differently than others similarly situated as a result of intentional or purposeful discrimination.'" *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 590–91 (S.D.N.Y. 2015) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)); *see also Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 136 (1977) (stating that where there is an alleged violation of the Equal Protection Clause, "the courts should allow the prison administrators the full latitude of discretion, unless it can be firmly stated that the two groups are so similar that discretion has been abused").

Gillums alleges that sentenced prisoners are afforded access to legal materials and a legal program, whereas pretrial detainees at BCC are not provided the same access. Gillums has not alleged or asserted that he is a member of a protected class or that he was denied access to legal research materials based on an impermissible consideration "such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quotation marks and citation omitted).

"Importantly, merely being a prisoner is insufficient to place one in a suspected class." *Green v. Martin*, 224 F. Supp. 3d 154, 171 n.7 (D. Conn. 2016) (quotation marks omitted) (quoting *Robles v. Dennison*, 745 F.Supp.2d 244, 301 n.18 (W.D.N.Y. 2010), *aff'd*, 449 Fed.Appx. 51 (2d Cir. 2011)).

Nor has Gillums plausibly alleged an equal protection claim based on a class of one theory. To establish a class-of-one equal protection claim, a plaintiff must show an extremely high degree of similarity between himself and the persons to whom he compares himself to. *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). A plaintiff must establish that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Komondy v. Gioco*, 253 F. Supp. 3d 430, 443 (D. Conn. 2017) (quotation marks and citation omitted).

Here, Gillums has not alleged facts that would demonstrate that there is a high degree of similarity between himself (a pretrial detainee), and sentenced inmates housed at other correctional institutions in Connecticut; nor has he alleged that he was intentionally treated differently from other inmates, with no rational basis for such difference in treatment. Accordingly, Gillums' Complaint fails to state an equal protection claim, and this claim will be dismissed against Defendants. However, the Court will dismiss this claim without prejudice to renewal. To the extent Gillums can allege facts that state a valid claim under the Equal Protection Clause of the Fourteenth Amendment, he will be provided an opportunity to file an amended complaint.

**D.     Temporary Restraining Order**

Although Gillums has not filed a motion for a temporary restraining order, the Complaint requests that the Court issue such injunctive relief. The Court has discretion to issue a temporary restraining order only where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). "The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quotation marks and citation omitted).

Here, Gillums seeks not to maintain the status quo, but rather to effect a change: immediate access to legal research materials and personnel. To grant a temporary restraining order in this case would achieve the opposite of the desired effect. As it is clear that this is not the relief that Gillums seeks, his request for a temporary restraining order is denied.

**E.     Preliminary Injunction**

Upon a liberal reading of Gillums' Complaint, the Court construes Gillums' request for injunctive relief as a request for a preliminary injunction.

Interim injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks, citation and emphasis omitted). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring

12

the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citation omitted).

"Courts refer to preliminary injunctions as prohibitory or mandatory." *Id.* at 36. When a plaintiff seeks to "alter, rather than maintain, the status quo by commanding some positive act," it is known as a mandatory injunction. *Nicholson v. Scoppetta*, 344 F.3d 154, 165 (2d Cir. 2003) (quotation marks and citation omitted). "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing a clear or substantial likelihood of success on the merits." *N. Am. Soccer League, LLC*, 883 F.3d at 37 (quotation marks and citation omitted).

Here, because Gillums seeks an injunction that alters the status quo by commanding defendants to perform an affirmative act, he must meet the higher standard applied to requests for mandatory injunctions. For the reasons stated *supra*, Gillums' claims do not currently present a clear or substantial likelihood of success on the merits. Accordingly, to the extent Gillums seeks a preliminary injunction, his request is denied.

## IV. **CONCLUSION AND ORDERS**

(1) Gillums' 42 U.S.C. § 1983 claims alleging a denial of access to the courts and a violation of the Equal Protection Clause of the Fourteenth Amendment are DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915A. Any requests for relief on behalf of other inmates are DISMISSED. All requests for injunctive relief are DENIED.

(2) Gillums will have thirty (30) days to file an amended complaint asserting 42 U.S.C. § 1983 claims related to his access to the courts and equal protection in accordance with this Initial

Review Order. If no amended complaint is filed on or before **August 13, 2018**, the case will be closed, and judgment will be entered for Defendants.

The foregoing is SO ORDERED.

Dated:  New Haven, Connecticut
           July 12, 2018

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge