UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIRK KAPEACE GILLUMS,<br><br>   Plaintiff,<br> v.<br><br>SCOTT SEMPLE COMMISSIONER CONNECTICUT DEPARTMENT OF CORRECTIONS, WARDEN HANNAH WARDEN BRIDGEPORT CORRECTIONAL CENTER,<br><br>   Defendants. | 3:18-cv-00947 (CSH)<br><br>AUGUST 3, 2018 |

**INITIAL REVIEW ORDER ON AMENDED COMPLAINT**

**Haight, Senior District Judge:**

  Plaintiff Kirk Kapeace Gillums, a pretrial detainee currently detained at Bridgeport Correctional Center in Bridgeport, Connecticut, has brought this civil rights action *pro se* against the warden of the Bridgeport Correctional Center, Hannah, and the Commissioner of the Connecticut Department of Corrections ("DOC"), Scott Semple, requesting injunctive relief.

  On July 12, 2018, the Court issued an Initial Review Order, dismissing Gillums' complaint, Doc. 1, with leave to file an amended complaint by a date certain. *See id.* at 14. On July 23, 2018, Gillums filed an Amended Complaint. Doc. 11. The Court now reviews Gillums' Amended Complaint to determine whether his claims are "frivolous" or may proceed under 28 U.S.C. § 1915A. For the following reasons, the Court dismisses Gillums' Amended Complaint, in part, and permits Gillums' claim for denial of access to the courts to proceed to service.

# I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Although highly detailed allegations are not required, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"[W]hether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64. When "well-pleaded factual allegations" are present, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Factual disputes do not factor into a plausibility analysis under *Iqbal* and its progeny.

"Although all allegations contained in the complaint are assumed to be true, this tenet is 'inapplicable to legal conclusions.'" *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). *See also Amaker v. New York State Dept. of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) (same). Accordingly, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*,

648 F.3d 98, 104 (2d Cir. 2011) (citation and quotation marks omitted). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

With respect to *pro se* litigants, it is well-established that "[*p*]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)). *See also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (same)*; Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants); *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (where the plaintiff proceeds *pro se*, a court is "obliged to construe his pleadings liberally" (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004))); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (in reviewing a *pro se* complaint, the court "must liberally construe [the] pleadings, and must interpret [the] complaint to raise the strongest arguments it suggests").

However, despite being subject to liberal interpretation, a *pro se* plaintiff's complaint still must "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).

## II. FACTUAL ALLEGATIONS

The following factual allegations are derived from Gillums' original complaint and his Amended Complaint.[1]

Gillums is a pretrial detainee at the Bridgeport Correctional Center ("BCC"). Complaint, Doc. 1 ¶ 2. The Connecticut DOC does not operate a legal program for pretrial detainees at BCC. *Id.* ¶ 5. DOC has a policy to refer prisoners to the Inmate's Legal Assistance Program ("ILAP"); however, ILAP only assists pretrial detainees at BCC with 'constructive custody' or civil rights issues. *Id.* ¶ 4. ILAP does not offer meaningful assistance with criminal cases. *Id.* Further, while the DOC does not provide pretrial detainees at BCC with legal materials, it does operate a legal program and provides access to law books and research materials for pretrial detainees at other DOC correctional institutions such as Garner, Cheshire, and MacDougall-Walker, where high-bail, mental health or security risk group pretrial detainees are housed with level 2-5 sentenced inmates. Amended Complaint, Doc. 11 ¶ 1.

Since February 21, 2018, to date, Gillums has requested access to law books, a law library, or trained legal personnel. *Id.* ¶ 1. On March 14, 2018, Gillums filed a formal grievance with the BCC grievance office. *Id.* ¶ 3. Despite such requests and the lodging of a grievance, Gillums has not been provided access to legal research materials. *Id.* ¶ 2.

Gillums is a defendant in two pending criminal cases in Connecticut; one in Norwalk, and one in Derby. Doc. 11 ¶ 2. Gillums has had counsel appointed to him by the Division of Public Defender Services to defend him against the charges brought in those cases. *Id.* However, Gillums

---

[1] Although Gillums' Amended Complaint alleges new facts in support of his claims, it omits many of the facts alleged in the initial Complaint. Because the Court is to construe *pro se* pleadings liberally, the Court will draw the facts from both documents.

has not had adequate access to his counsel. *Id.* In five months, Gillums has met with the counsel assigned to his Norwalk case once at the Norwalk Superior Court, for a total of seven minutes; and with the counsel assigned to his Derby case once at the Derby Superior Court, for a total of five minutes. *Id.* Gillums has never received written correspondence from counsel, nor has he communicated with counsel by telephone. *Id.* When Gillums is produced at Court, "each occurrence has resulted in an allocution for adjournment." *Id.*

During Gillums brief discussions with counsel, he was informed that he "was not permitted to peruse or receive copies of his criminal case file, Connecticut procedural statutory rules or any other information" that pertains to Gillums' pending criminal cases. *Id.* As a result, Gillums is "essentially proceeding to trial by ambush." *Id.* Counsel are non-communicative and have not disclosed to Gillums the nature of the charges against him. *Id.* at 6. Counsel have not inquired as to Gillums' version of the events underlying his criminal charges, and counsel is unaware of Gillums' plans to raise an affirmative defense in each of his cases. *Id.* at 7.

Since he is unable to learn the law and participate in his own defense, Gillums "is compelled to negotiate a plea agreement" in his criminal cases pending in Connecticut state court with "no cognizance of the rules or procedures of law or current case developments which may benefit [him] or mitigate [his] circumstances in consequences of trial proceedings." Doc. 1 ¶ 6. Gillums suffers from anxiety, insomnia, depression, and loss of appetite "as he is intimidated, afraid, and unsure as to what is transpiring in his criminal proceedings." Doc. 11 ¶ 9.

### III. ANALYSIS

In the Initial Review Order ("IRO"), Doc. 10, the Court construed Gillums' original complaint as advancing a claim for denial of access to the courts and an equal protection claim. The Court

5

dismissed the complaint, with leave to replead both claims. The IRO also dismissed any claims that Gillums sought on behalf of other inmates. Gillums' Amended Complaint specifically reasserts an access-to-the-courts claim and an equal protection claim, which the Court will address in turn.[2]

**A.      Access to the Courts**

In his original complaint, Gillums alleged that he had been denied access to a law library, research materials, or trained correctional personnel to aid in legal research for his criminal cases. *See generally* Doc. 1. The Court construed such allegations to assert a claim for denial of access to the courts. Doc. 10 at 7. After taking judicial notice of the fact that Gillums is represented by counsel for his criminal cases, the Court dismissed the claim because Gillums did not allege facts to show "that the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Id.*, quoting *Bourdon v. Loughren*, 386 F.3d 88, 98 (2d Cir. 2004). The Court reasoned:

> As Gillums is represented by counsel in his criminal proceedings, the state is not constitutionally required to provide him with access to a law library, legally trained personnel, or law books to assist him with researching the law for those cases. Further, Gillums has not alleged facts that would show that he is being denied access to his court-appointed attorneys. Accordingly, as pled, Gillums' access-to-the-courts claim fails as a matter of law, and will be dismissed. However, because the Court cannot rule out the possibility that Gillums could amend his Complaint to state a valid access-to-the-courts claim, the Court will dismiss this claim without prejudice to renewal. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2000). To the extent that, consistent with his obligations under Rule 11, Gillums can allege facts that would show that "the provision of counsel did not furnish him with the capability of bringing his challenges before the courts," he will be provided an opportunity to file an amended complaint. *Bourdon*, 386 F.3d at 98 (collecting cases).

*Id.* at 10.

---

[2] In the Amended Complaint, Gillums affirmatively withdraws the claims he asserted in the original complaint on behalf of other prisoners, and clarifies that he does not seek a temporary restraining order.

Construing Gillums' Amended Complaint liberally, Gillums now alleges additional facts to show that despite having appointed counsel, he has been deprived access to the courts. Gillums claims that his access to counsel is severely restricted and both defense counsel (one in each of the two pending criminal cases) have been non-communicative. Gillums alleges that he has only met with the appointed counsel for a total of twelve minutes in the past five months, as the criminal charges are pending. Gillums claims that counsel have: Denied him access to his legal file; not permitted him to view any information regarding his criminal case; not informed Gillums of the nature of the charges against him; and have denied him access to the Connecticut statutes and rules. Gillums alleges that his criminal cases have been adjourned at each court date, and he is unable to participate in his own defense.

In *Bourdon*, the Second Circuit expressly differentiated between a claim of denial of access to the courts, and a claim for ineffective assistance of counsel. The former, the *Bourdon* court held, cannot be judged by the same standard as the latter. *See id*. at 95 ("For several reasons, we are not persuaded that the effectiveness inquiry under the Sixth Amendment's guarantee of the assistance of counsel informs the inquiry relevant to an alleged violation of access to the courts."). Thus, in cautioning against applying an "effective" assistance of counsel standard in determining whether a prisoner has had "adequate assistance from persons trained in the law," *id.*, the court in *Bourdon* stated:

> Because attorneys, by definition, are trained and qualified in legal matters, when a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts, not that he was denied effective representation in the court. *See Schrier v. Halford*, 60 F.3d 1309, 1313–14 (8th Cir.1995) ("[T]he term 'adequate' as used in Bounds to modify 'assistance from

> persons trained in the law,' refers not to the effectiveness of the representation, but to *the adequacy of the prisoner's access to his or her court-approved counsel* or other law-trained assistant."); *Love v. Summit County*, 776 F.2d 908, 914 (10th Cir.1985) (concluding that, where detainee had *access to his counsel* at all times during his incarceration, he "did not show that he was denied access to adequate legal assistance to help him prepare and pursue his claims before the courts or that defendants in any significant way restricted that access" (emphasis added).

*Bourdon,* 386 F.3d at 98 (emphases added).

I find this portion of the Second Circuit's ruling particularly instructive. *Bourdon* informs us that a prisoner who is represented by counsel must show that "the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Id*. Illustrating this principle, *Bourdon*'s inclusion of the particular selections from *Scarier*, 60 F.3d at 1313-14, an Eighth Circuit case, and *Love*, 776 F.2d at 914, a Tenth Circuit decision, tells us that a key factor guiding this inquiry is whether the prisoner has had adequate access to his counsel. This interpretation is strengthened by the Second Circuit's application of this analysis to the facts in *Bourdon*; in concluding that Bourdon did not demonstrate that he was denied access to the courts, the Court noted that, *inter alia,* Bourdon did not establish that his access to his attorney was restricted. *Id.* at 98-9.

Guided by these principles, the Court concludes that Gillums has alleged that he has been denied access to the courts. Rather than claiming that he is being denied effective representation in court, Gillums alleges that his access to his court-appointed counsel is so inadequate that it cannot serve to satisfy Defendants' obligation to provide Gillums access to the courts. Gillums has alleged that he does not have access to his attorneys; he has also alleged that he has requested and has been denied research materials from counsel. Without the ability to have access to his counsel, and with Defendants providing no alternative means to access the courts, Gillums is impeded from preparing

8

and pursuing his claims and defenses before the courts. Construing the pleading liberally, as I am required to do, Gillums has alleged sufficient facts to state a claim for denial of access to the courts. Accordingly, the Court will permit Gillums' access-to-the-courts claim to proceed.

**B.      Equal Protection**

The Court's Initial Review Order construed Gillums' initial Complaint to allege a claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, and dismissed the claim as deficiently pled. Gillums' Amended Complaint is similarly deficient.

As discussed in the IRO, the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To state a violation of the Equal Protection Clause, a plaintiff must allege 'that he or she was treated differently than others similarly situated as a result of intentional or purposeful discrimination.'" *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 590–91 (S.D.N.Y. 2015) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)); *see also Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 136 (1977) (stating that where there is an alleged violation of the Equal Protection Clause, "the courts should allow the prison administrators the full latitude of discretion, unless it can be firmly stated that the two groups are so similar that discretion has been abused").

Gillums now alleges that he is treated differently from other pretrial detainees at other facilities, who are afforded access to legal materials and a legal program, whereas he is not. Gillums still has not alleged or asserted that he is a member of a protected class or that he was denied access to legal research materials based on an impermissible consideration "such as race, religion, intent

9

to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quotation marks and citation omitted). Thus, Gillums has failed to state a violation of the Equal Protection Clause.

Nor does the Amended Complaint state an equal protection violation based on a class-of-one theory. To establish a class-of-one equal protection claim, a plaintiff must show an extremely high degree of similarity between himself and the persons to whom he compares himself to. *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). A plaintiff must establish that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Komondy v. Gioco*, 253 F. Supp. 3d 430, 443 (D. Conn. 2017) (quotation marks and citation omitted).

Here, Gillums' allegations regarding his equal protection claim are conclusory and devoid of factual support. Gillums simply states that "[t]here is a high degree of similarity between plaintiff and pretrial detainees at other DOC facilities that have access to legal research facilities," but does allege any facts to support this legal claim. As noted above, in evaluating Gillums' Amended Complaint under 28 U.S.C. § 1915A, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber*, 648 F.3d at 104 (citation and quotation marks omitted). Further, Gillums has not alleged facts that would show that he was intentionally treated differently from other inmates. Accordingly, Gillums' Amended Complaint fails to state an equal protection claim, and this claim will be dismissed against Defendants.

C.     **Preliminary Injunction**

Gillums' Amended Complaint contains a section entitled "preliminary injunction," and states that Defendants' policies have resulted in physical, mental, and emotional distress.

As noted in the Court's initial IRO, interim injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks, citation and emphasis omitted). A party seeking a preliminary injunction must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citation omitted). Further, a party seeking a mandatory injunction, to alter the status quo, "must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits." *Johnson v. Connolly*, 378 F. App'x 107, 108 (2d Cir. 2010). Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a preliminary injunction may be issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Gillums has not moved for a preliminary injunction, and although he seeks injunctive relief, it is not clear from the allegations in his Amended Complaint whether he wishes to move for interim relief. Accordingly, to the extent Gillums seeks a preliminary injunction, he may file a motion seeking such relief, addressing the standard set forth above.

## IV. CONCLUSION AND ORDERS

(1) Gillums' 42 U.S.C. § 1983 claim alleging a violation of the Equal Protection Clause of the Fourteenth Amendment is DISMISSED, pursuant to 28 U.S.C. § 1915A. Any request for interim injunctive relief is DENIED without prejudice.

(2) Gillums' claim alleging denial of access to the courts pursuant to 42 U.S.C. § 1983 against Defendants Semple and Hannah in their official capacities for injunctive relief will proceed.

For the proper governance of this case, the Court makes these additional Orders:

(3) The Clerk shall verify the current work addresses for Semple and Hannah with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint to each Defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver request ton the **thirty-fifth (35) day** after mailing. If any Defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on him, and the Defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(4) Semple and Hannah shall file their response to the Amended Complaint, either an answer or a motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed **on or before January 25, 2019.** Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed **on or before March 22, 2019.**


The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
        August 3, 2018

                                                    */s/ Charles S. Haight, Jr.*
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge