UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIRK KAPEACE GILLUMS,<br><br>     Plaintiff,<br> v.<br><br>SCOTT SEMPLE COMMISSIONER CONNECTICUT DEPARTMENT OF CORRECTIONS, WARDEN HANNAH WARDEN BRIDGEPORT CORRECTIONAL CENTER,<br><br>     Defendants. | 3:18-cv-00947 (CSH)<br><br>AUGUST 24, 2018 |

## RULING ON MOTION FOR APPOINTMENT OF COUNSEL

**Haight, Senior District Judge:**

  Plaintiff Kirk Kapeace Gillums, a pretrial detainee currently detained at Bridgeport Correctional Center in Bridgeport, Connecticut, has brought this civil rights action *pro se* against the warden of the Bridgeport Correctional Center, Hannah, and the Commissioner of the Connecticut Department of Corrections ("DOC"), Scott Semple, requesting injunctive relief.

  On July 12, 2018, the Court issued an Initial Review Order, dismissing Gillums' complaint, Doc. 1, with leave to file an amended complaint by a date certain. *See id.* at 14. Gillums filed an Amended Complaint, Doc. 11, in accordance with the Court's Initial Review Order, and after review, this Court permitted Gillums' claim of denial of access to the courts to proceed against Defendants in their official capacities, for injunctive relief only. Doc. 12. Defendants have not yet responded to the Amended Complaint.

Pending before the Court is Gillums' motion for appointment of counsel. Doc. 16. Gillums contends that he requires *pro bono* representation as he is incarcerated and indigent. *See id.* This Ruling resolves the motion.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e), the Court may appoint *pro bono* counsel to represent an indigent litigant. *See* 28 U.S.C. §1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). "District courts exercise substantial discretion in deciding whether to appoint counsel[.]" *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). In determining whether to appoint counsel for a self-represented party, the Court will consider such criteria as "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

The Second Circuit has stated that it must be shown that "the indigent [is] unable to obtain counsel before appointment will even be considered." *Hodge*, 802 F.2d at 61. Then, "[a]s a threshold matter, . . . the district court must consider the merits of the indigent's claim" because "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Hodge*, 802 F.2d at 60 (citations and quotation marks omitted). Thereafter, other facts to consider include, *inter alia*, "the nature of the factual issues the claim presents," the type of "factual investigation" or discovery that will be involved, "whether the factual issues turn on credibility," and "the plaintiff's apparent ability to present the case." *Id.* at 61-62. Only after a threshold showing is made, the court should consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major

proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61–62.

## II. DISCUSSION

In the case at bar, Gillums has been granted *in forma pauperis* status because he is indigent. Doc. 16 at 5. He is incarcerated and represents that he has sixteen dollars in his prison account, and earns a weekly salary of $5.75 as an inmate worker at the DOC. *Id.* at 1. Gillums has therefore sufficiently established that he is unable to afford an attorney.

However, Gillums' motion indicates that he has not made any effort to obtain an attorney on his own. *See* Doc. 16 at 4 (noting that he has not spoken with any attorney about handling his case). The Second Circuit has made it clear that before a court may consider whether appointment is warranted, a showing must be made that the plaintiff has undertaken an independent effort to obtain counsel. *See Hodge*, 802 F.2d at 61. The Court will not consider securing legal counsel for Gillums without any showing that Gillums has tried – and failed – to secure legal assistance on his own. *See, e.g., Card v. Coleman*, No. 3:14-CV-830(WIG), 2014 WL 6884041, at *1 (D. Conn. Dec. 4, 2014) (denying a motion to appoint counsel where the indigent plaintiff made no effort to contact counsel on his own); *Tower v. Wilder*, No. 3:03-CV-588(PCD), 2003 WL 23152965, at *1 (D. Conn. Dec. 22, 2003) (same).

The Court also notes that the current record is insufficiently developed for a determination as to whether Gillums' claim possesses a likelihood of merit. Moreover, Gillums' Complaint presents a claim that he has been denied access to legal materials to research issues in his ongoing criminal matter. It is unlikely that this claim will prove to be so factually complex, or difficult to present, so

as to warrant appointment of counsel. Rather, the issues presented in Gillums' case appear discrete and relatively straightforward. *See, e.g., Parks v. Smith,* 505 F. App'x 42, 43 (2d Cir. 2012) ("[S]econdary factors weighed against the appointment of counsel, since the issues presented in Parks' action were not overly complex and Parks was able to effectively litigate his case without counsel . . . .").

Accordingly, the Court will deny Plaintiff's motion to appoint counsel at this time, without prejudice. The Court is sympathetic that Gillums is a *pro se* litigant. However, "there is no constitutional right to appointment of counsel for litigants in civil cases." *Parks,* 505 F. App'x at 43. Unless or until there are demonstrated circumstances to warrant appointment of *pro bono* counsel, the Court will deny Plaintiff's request for said appointment.

### III. CONCLUSION

For the foregoing reasons, Gillums' *Motion for Appointment of Counsel* [Doc. 16] is DENIED, without prejudice to renewal at a later stage in the litigation.

The foregoing is SO ORDERED.

Dated:  New Haven, Connecticut
        August 24, 2018

       */s/ Charles S. Haight, Jr.*
       CHARLES S. HAIGHT, JR.
       Senior United States District Judge