UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KIRK KAPEACE GILLUMS,
Plaintiff,

V.                                          3:18-cv-00947(CSH)

SCOTT SEMPLE COMMISSIONER
CONNECTICUT DEPARTMENT OF
CORRECTION, WARDEN AMONDA
HANNAH BRIDGEPORT                           AUGUST 27, 2018
CORRECTIONAL CENTER
Defendants.

MOTION FOR A PRELIMINARY
INJUNCTION
_____

Plaintiff Kirk Kapeace Gillums, a pretrial detainee currently detained at Bridgeport Correctional Center in Bridgeport, Connecticut, seeks a preliminary injunction against Scott Semple Commissioner Connecticut Department of Correction ("DOC") and Amonda Hannah Warden Bridgeport Correctional Center ("BCC")

(1)

and asks the Court to award the plaintiff an injunction and order DOC to immediately provide the plaintiff with legal research materials, access to a notary of the public and the capacity to copy legal documents.

The plaintiff requests that the Court adopt and include plaintiff's complaint Doc. 1. and Amended complaint Doc. 11. as inclusive of this motion.

The plaintiff seeks an injunction in this case as he believes he has been deprived access to the courts by the defendants, and said deprivation impinges upon plaintiff's Fifth amendment right to due process and his Sixth amendment right "...to be informed of the nature and cause of the accusation...against him." U.S. Const. amends. V and VI;

(2)

Jolly v. Coughlin, 76 F.3d 468 (2d Cir. 1996) (stating that there is a "presumption of irreparable injury that flows from a violation of constitutional rights"); Nat'l People's Action v. Wilmette, 914 F.2d 1008, 1013 (7th Cir. 1990) ("Even a temporary deprivation of First Amendment freedom of expression rights is generally sufficient to prove irreparable harm."); Ross v. Meese, 818 F.2d 1132, 1135 (4th Cir. 1987) (noting that deprivation of a constitutional right amounts to irreparable harm); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984) (holding that an alleged violation of a constitutional right is enough to show irreparable harm).

(3)

Plaintiff further asserts that the remedies at law are inadequate and there is a "likelihood of substantial and immediate irreparable injury," as he may need to proceed to trial by ambush with no knowledge of the cause of action in his criminal proceedings in state court. See O'Shea v. Littleton, 414 U.S. 488, 502, 94 S.Ct. 669, 679, 38 L.Ed.2d 674, 687 (1974) (noting that to obtain equitable relief, plaintiff must prove "likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law"); Younger v. Harris, 401 U.S.

(4)

37, 46, 91 S. Ct. 746, 751, 27 L. Ed. 2d 669, 676 (1971) (Stating that proof of an irreparable injury is required for an injunction).

Plaintiff argues that no other available legal remedy will address his injury — as plaintiff may be forced to enter a plea agreement in advance of trial — and the only way to prevent and correct the sources of plaintiff's injury is an injunction. Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) (upholding preliminary injunction that prohibited closing a prison where prisoners proved that such closing would force them to be moved to prisons

(5)

that already were too crowded).

    Plaintiff's claim that the provision of counsel does not furnish him with the capability of bringing his challenges before the courts essentially alleges that the defendants are complicit with the state's public defender service and deliberately impede plaintiff's access to courts. As such, plaintiff believes that his claim raises sufficiently serious questions to justify litigation and he will suffer more if the injunction is denied than the defendants will suffer if it is granted. Mitchell v. Cuomo, supra.

Moreover, considering the nature of the plaintiff's claim, a preliminary injunction would be consistent with the public interest. See Yolton v. El Paso Tenn. Pipeline Co., 435 F.3d 571, 578 (6th Cir. 2006); Joelner v. Vill. of Wash. Park, Ill., 378 F.3d 613, 619 (7th Cir. 2004); Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004); Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003).

  The plaintiff concludes that Bounds and its progeny are explicit; prison officials must "assist inmates in the preparation and filing of meaningful

legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law [in order to give them] a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." See Bounds v. Smith, 430 U.S. 817, 821, 825, 828 (1977); see also Conn. Const. Art. I sec. 10; Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996) (quoting Bounds v. Smith, 430 U.S. 817 (1977). (Plaintiff's brackets.)

## Conclusion

The Court is asked to grant this motion and order the defendants to immediately make available a legal resource program at BCC for the plaintiff, permitting the plaintiff access to legal materials and a legal resource program.

*Kirk Kapeare Gillums*
KIRK KAPEARE GILLUMS
#424661
Bridgeport Correctional Center
1106 North Avenue
Bridgeport, CT 06604

(9)