UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| KIRK KAPEACE GILLUMS, | |
|---|---|
| Plaintiff, | |
| v. | 3:18-cv-00947 (CSH) |
| SCOTT SEMPLE COMMISSIONER CONNECTICUT DEPARTMENT OF CORRECTIONS, WARDEN HANNAH WARDEN BRIDGEPORT CORRECTIONAL CENTER, | JANUARY 3, 2019 |
| Defendants. | |

## ORDER

**Haight, Senior District Judge:**

Plaintiff Kirk Kapeace Gillums brought this civil rights action *pro se* against the warden of the Bridgeport Correctional Center ("BCC"), Amonda Hannah, and the Commissioner of the Connecticut Department of Corrections ("DOC"), Scott Semple. At the time he brought the action, Gillums was a defendant in two separate state criminal proceedings: *State of Connecticut v. Kirk Gillums,* No. CR 18-0146080-S in the Judicial District of Stamford-Norwalk at Norwalk (the "Norwalk case"), and *State v. Kirk Gillums,* No. CR 18-0158040-S in the Judicial District of Ansonia-Milford at Derby (the "Derby case"). Gillums was represented in both cases by counsel appointed to him by the State of Connecticut Division of Public Defender Services.

In his Complaint and subsequent motion for a preliminary injunction, Gillums alleges that he has been denied access to legal resources and adequate assistance of counsel in defending the Derby and Norwalk cases. Specifically, Gillums contends that the Connecticut DOC does not offer legal

assistance or other legal resources at BCC to assist with criminal cases. Gillums also alleges that his access to the counsel appointed to assist him in his state criminal cases has been severely restricted.

State court records show that both the Derby case and the Norwalk case are now closed: the Defendant pleaded guilty in both cases, and was sentenced on December 7, 2018.[1] Plaintiff's claims, which concern his ability to defend against the criminal charges in the Derby and Norwalk cases, are therefore moot. Specifically, the instant action seeks relief in the form of an injunction ordering the Defendants to provide Plaintiff with legal research materials, access to a notary of the public, access to Plaintiff's criminal court files, and the capacity to copy legal documents.[*See* Doc. Nos. 19, 22.] These requests for relief relate to Plaintiff's ability to defend against charges that have been resolved and are no longer pending; therefore, the issues presented are "no longer live," and this case cannot proceed. *See Blackwelder v. Safnauer*, 866 F.2d 548, 551 (2d Cir. 1989). The instant action is DISMISSED AS MOOT. The Clerk is directed to close the file.

The foregoing is **SO ORDERED**.

Dated: New Haven, Connecticut
January 3, 2019

/s/ Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[1] The Court may take judicial notice of the outcome of state criminal proceedings. *See, e.g.*, *El v. City of New York*, No. 14-CV-9055-GHW, 2015 WL 1873099, at *3 (S.D.N.Y. Apr. 23, 2015) (taking judicial notice of plaintiff's guilty plea in state court); *Johnson v. Pugh*, No. 11-CV-385 RRM MDG, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (taking judicial notice of plaintiff's guilty plea, conviction, and sentencing in state court "as a matter of public record").